# Supreme Court Decisions.

## RIGHTS OF OWNER, MORTGAGEE, LABORERS AND CREDITORS UNDER A BROKEN CHATTEL MORTGAGE.

THE ST. MARYS MACHINE CO. v. THE NATIONAL SUPPLY CO.

ET AL.

Decided, June 16, 1903—68 Ohio State, p. 535.

*Mortgagee of Broken Chattel Mortgage—Becomes Owner of Property—Section 3206a, Revised Statutes—Lien of Laborer—Section 6355, Revised Statutes—Preferred Claims—"Trust Fund" for General Creditors, Defined—Mortgage Rights.*

1. After condition broken, the mortgagee under a chattel mortgage is the owner of the property covered by the mortgage, and the mortgagor has only a right of redemption. ·

2. Where a receiver is appointed and takes possession of chattels covered by a chattel mortgage after condition broken, as provided in Section 3206a, Revised Statutes, such chattels, to the extent that the same may be required to satisfy the mortgagee, are the property of the mortgagee and not the mortgagor.

3. The "trust fund" mentioned in said section is the fund which would be left for general creditors under Section 6355, Revised Statutes, in the absence of labor claims, and out of that general fund labor claims must be paid whether the proceeding be under said Section 3206a or under Section 6355.

Error to the Circuit Court of Allen County.

The facts in this case involve the rights of several mortgagees under chattel mortgages from L. E. Bloomfield, a contractor, engaged in drilling oil wells, in which business he owned and used

drilling tools, machinery, horses, wagons and harness, but was not the owner of any real estate. He gave chattel mortgages to different parties on this property, some of them covering the same property, and all of which were properly executed and filed and kept alive so as to be valid liens upon the property covered by the several mortgages.

On February 8, 1901, the National Supply Co., one of said mortgagees, began its action in the Court of Common Pleas of Allen County against said L. E. Bloomfield, making the several chattel mortgagees defendants, and in that action the court appointed receivers who qualified, and under the order of the court took possession of all of the property of Mr. Bloomfield, including the property covered by said chattel mortgages, and converted all the property into money, and brought the same into court for distribution. Said chattel mortgages were all past due when said action was commenced.

By consent of all parties the taxes and expenses, including the compensation of the receivers, were paid out of the fund realized upon the sale of the personal property.

Many claims for labor, performed for Mr. Bloomfield in his said business within three months before said receivers were appointed, were filed and allowed, and thereupon a contest arose upon distribution between said mortgagees and said labor claims. The cause came to the circuit court on appeal, and was there heard and determined.

There was no contest as to the amount due to each mortgagee, or to each laborer, the sole question being as to priorities, the fund not being sufficient to pay all.

The circuit court held that the amount due on the labor claims should be first paid in full, and should be deducted pro rata from the fund arising from the sale of the property covered by the several mortgages without reference to the question of priority of such mortgages as among themselves, and that the remainder thus left to each mortgagee under his mortgage should be paid to him. In the case of the St. Marys Machine Company this holding resulted as follows: Amount found due this company was $1,315.57. Net amount realized on sale of property covered by its chattel mortgage $955.19. Amount deducted from that sum and paid over

to labor claims $435.75, leaving a balance of $519.44 to be paid over to the company. The other mortgagees were treated in the same manner, the only difference being as to amounts. The mortgagees saved proper exceptions, and brought the case here, seeking to reverse the judgment of the circuit court, and asking for judgment in their favor upon the findings of fact made by that court.

*D. F. Mooney* and *Richie, Leland & Roby,* for plaintiff in error.

*Ira C. Taber,* for The National Supply Co.

*Cable & Parmenter,* for I. B. Post.

*Ridenour & Halfhill,* for Hilliard and Clark, defendants.

*J. R. Longworth,* for labor claimants other than Clark and Hilliard.

BURKET, C. J.; SPEAR, DAVIS, SHAUCK, PRICE and CREW, JJ., concur.

The solution of the controversy between the parties depends upon a proper construction of Section 3206a, Revised Statutes. That section is as follows:

"Laborers and employes of any persons, association of persons or corporation, whether such employment be at agriculture, mining, manufacture or other manual labor, shall have a lien upon the real property of their employers for their wages, which is hereby declared to be superior to the following liens taken or attaching during the existence of such unpaid labor claims, to-wit: Liens of attachment, liens of mortgages given or taken at a time of actual insolvency of the debtor, or with a view of preferring creditors or to secure a pre-existing debt, and superior to all claims for homestead or other exemptions, except under section fifty-four hundred and thirty; and in all cases where property of an employer is placed in the hands of an assignee, receiver or trustee, claims due for labor performed within the period of three months prior to the time such assignee, receiver or trustee is appointed, shall first be paid out of the trust fund, in preference to all other claims against such employer, except claims for taxes and the costs of administering the trust. The lien herein provided shall be deemed to be waived by the laborer or employe, as to any portion of such labor, unless within thirty days from the expiration of three months from the performance of such portion he shall file with the recorder of the county where the labor was performed, an itemized statement verified by affidavit of the amount, kind and value of the labor

performed within said period, with all credits and off-sets, and the amount then due him therefor, which verified statement, when so filed, shall be recorded in a book kept for the purpose, and shall become and operate as a lien upon the real property of the employer without any specific description thereof, for the period of one year from and after the filing thereof, and if an action is brought to enforce the lien within that time, it shall continue in force until finally adjudicated; and the proceedings to enforce such lien shall be the same as in other cases of lien, against the owner of the property and all other persons interested; provided, that if several persons have or obtain liens under the provisions of this section, against the property of the same employer, they shall have no priority among themselves, but shall be paid pro rata, nor shall they have priority over those obtaining liens under sections thirty-one hundred and eighty-four, thirty-one hundred and eighty-five, thirty-one hundred and eighty-six, thirty-one hundred and eighty-seven of this chapter, but the persons obtaining liens under said sections thirty-one hundred and eighty-four, thirty-one hundred and eighty-five, thirty-one hundred and eighty-six and thirty-one hundred and eighty-seven shall have priority as provided therein."

As there was no real estate in this case, the only part of the section here applicable is the following:

"And in all cases where property of an employer is placed in the hands of an assignee, receiver or trustee, claims due for labor performed within the period of three months prior to the time such assignee, receiver or trustee is appointed, shall be first paid out of the trust fund, in preference to all other claims against such employer, except claims for taxes and the cost of administering the trust."

As the amount found due the St. Marys Machine Co. was greater than the value of the mortgaged property, as shown by the amount for which it sold, the property covered by the mortgage was the property of the machine company, and not the property of Mr. Bloomfield. All he had was a right of redemption, by payment of the debt. *Sayler* v. *Simpson*, 45 Ohio St., 141, 150. This is a property right, but not property itself, within the purview of this section. It was therefore not the property of the employer, Mr. Bloomfield, but the property of the machine company, that came into the hands of the receivers in this case, and according to the

holding of this court in *Hughes* v. *Bank,* 61 Ohio St., 386, it could not be subjected to the payment of labor claims under this section.

Again, said section provides that such labor claims "shall be first paid out of the trust fund, in preference to all other claims," etc. "Trust funds," under this section, must be the same, whether the estate is in the hands of an assignee, receiver or trustee, and in all such cases the fund for distribution among creditors generally is known as a trust fund, because the person in charge of the estate, holds the fund in trust for all who can show themselves to be beneficiaries under the general law of the land, and not entitled as owners in whole or part, by virtue of a special property or particular lien. As to such the receiver holds the property or its proceeds not in the sense of a trust fund, but under a special obligation to restore it to its owner.

The correctness of the foregoing holding is strengthened by a reference to Section 6355, Revised Statutes, which is in *pari materia* with said Section 3206a, and both sections must be read and construed together. Section 6355 is as follows:

"All taxes of every description assessed against the assignor upon any personal property held by him before his assignment, shall be paid by the asignee or trustee out of the proceeds of the property assigned in preference to any other claims against the assignor, and every person who shall have performed any labor as an operative in the service of the assignor, shall be entitled to receive out of the trust funds, before the payment of the other creditors, the full amount of the wages due to such person for such labor performed within twelve months preceding the assignment not exceeding three hundred dollars. But the foregoing provisions shall not prejudice or in any way affect securities given or liens obtained in good faith, for value, but judgments by confession on warrants of attorney rendered within two months prior to such assignment, or securities given within such time to create a preference among creditors or to secure a pre-existing debt other than upon real estate for the purchase money thereof, shall be of no force or validity as against such claims for labor to the extent above provided, in case of assignment."

This section provides for the distribution of the assets of the estate of an insolvent in cases of assignment for the benefit of creditors, and provides for the payment of labor claims of opera-

tives in the service of the assignor, for labor performed within twelve months, not exceeding three hundred dollars, but such labor claims can not prevail over securities given or liens obtained in good faith for value. From this it is clear that the fund out of which such labor claims can be paid in cases of assignees or trustees in insolvency, is the general fund remaining after the payment of all securities and liens obtained in good faith for value. This general fund corresponds to, and is the same as the "trust fund" mentioned in said Section 3206a, and each of said funds is what remains after the payment of the valid securities and liens against the property in the hands of the assignee or trustee; and to the extent of such securities and liens, construing both sections together, the property in the hands of the assignee or trustee is not regarded as the property of the employer, but as the property of the owner of the security or lien, and as being so connected with the property of the employer or assignor as to require the whole to be administered by the assignee or trustee, rendering to the owner of the securities and liens, the proceeds of their property, and distributing by order of the probate court the remainder among the general creditors, subject to the rights of labor claims. Under the one section a labor claim includes all labor within twelve months, not exceeding three hundred dollars, and in the other the period is only three months with no limitation as to amount. In this regard there seems to be some conflict, but in any particular case the laborer should be allowed to invoke the provision most favorable to himself.

Said Section 6355 applies only to assignees and trustees, while the other section, applies to assignees, trustees and receivers; but when the section is properly construed as to assignees and trustees, the same construction must be applied to receivers, because in said Section 3206a all three stand upon exactly the same footing.

This section of the statute has been differently construed by the circuit court in several cases, and while the true construction may not be clear at a glance, after mature deliberation, and a full examination of the principles involved, the above construction seems to be clearly warranted, and when so construed the section is constitutional. With this construction of the section the other ques-

tions, so ably argued by counsel, become unimportant, and are not here considered.

The judgment of the circuit court will be reversed, and cause remanded to that court with instructions to render a judgment of distribution, applying the net proceeds of the sale of the property covered by each chattel mortgage to the payment of the amount due upon such mortgage, preserving priorities where there are two or more chattel mortgages on the same property, and that the balance, if any, be applied upon the labor claims pro rata.

*Judgment reversed, and judgment for plaintiff in error.*