Patterson, J.
This cause comes into this court on error to the judgment and finding of the court of common pleas, and the sole question presented for consideration is whether the act of April 16, 1913 (103 O. L., 369), provides the only method whereby a mechanic’s lien may be perfected as between private individuals, firms or corporations.
The plaintiff in error attempted to secure a lien on the property of The Massillon Foundry & Ma *52 chine Company by virtue of Section 8324 et seq., General Code, the record disclosing the fact that the last item of labor performed or material furnished was July 11, 1917, and that the lien was filed with the county recorder October 20, 1917; that is to say, the lien was filed within four months but not within sixty days of the date of the last item.
The provisions relating to mechanics’ liens are found in Sections 8308 to 8342, inclusive, General Code. On April 16, 1913 (103 O. L„ 369-379), the general assembly passed an act the title of’ which is as follows:
“An Act to create a lien in favor of contractors, sub-contractors, laborers and material men, and to repeal sections 8308, 8310, 8311, 8312, 8313, 8314, 8315, 8316, 8317, 8318, 8319, 8320, 8321, 8322, 8323, 8330, 8333, 8334, 8335, 8336, 8337, and 8338 of the General Code.”
The laws were further amended and supplemented May 27, 1915 (106 O. L. 522-534), in an act entitled:
“An Act to amend sections 8312, 8313 and 8314 of the General Code, and to further supplement section 8321 of the General Code by the enactment of an additional section to be known as section 8321-1 (103 O. L., page 369, at pages 370, 372, 374 and 376), relative to the mechanic’s lien law.”
An examination of the above acts discloses that Sections 8309, 8324, 8325, 8326, 8327, 8328, 8329, 8331, 8332, 8339, 8340, 8341 and 8342 were not specifically repealed by. either ^f the above enactments.
*53 It is claimed on the part of the plaintiff in error that there are now two distinct methods whereby a lien can be secured against a private individual, firm or corporation, viz., by the method in force before the enactment of the above two amendments, and by the method prescribed in the above amendments. In this case plaintiff in error pursued the former course, and claims thereby to have secured a lien on the property of the defendant in error.
An examination of the amendments and of the statutes that were unrepealed leads us to the conclusion that the general assembly has attempted to provide two separate and distinct methods of taking liens, upon two separate and distinct subjects, the one for private contracts and the other for public contracts.
The rule as found on page 118 in Thorniley, Auditor, v. State, ex rel., 81 Ohio St., 108, is well recognized:
“It is also true that repeals by implication are not favored, the meaning of which is, and it must be, only that a court will not, in the absence of an express repeal, consider former legislation as repealed by implication when the former and later act may be harmonized by reasonable construction so as to continue both in operation. It is consistent with the elementary rule, always recognized as indispensable to the right administration of the written law, that the present will of the legislature is found in its latest expression.”
While repeals by implication are not favored, there is still another rule of construction, which will be found quoted with approval in The Lorain *54 Plank Road Co. v. Cotton, 12 Ohio St., 263, at page 272:
“A subsequent statute revising the whole subject matter of the former act, and evidently intended as a substitute for it, although it contains no express words to that effect, operates to repeal the former.”
The holding of the court in Commissioners of Shelby Co. v. Frego & Binkly, 26 Ohio St., 488, is to the same effect.
The title of the act of April 16, 1913, is “To create a lien in favor of contractors,” etc., not to provide them with an additional remedy. An examination of the entire act shows that it furnishes a complete remedy, and it is evident that the general assembly intended this act as a substitute for all existing laws relative to mechanics’ liens as between private individuals, firms or corporations. It is the present will of the legislature as found in its latest expression.
It is contended that Section 8324 is not specifically repealed, and that it refers to Sections 8308 and 8316, both of which sections have been specifically repealed, and that this reference still leaves them unrepealed to all intents and purposes. However, we are of the opinion that that part of this ■section which refers to Sections 8308 and 8316 is repealed by implication and is inconsistent with the later enactments.
The method of perfecting a lien is prescribed in the amended acts; it is an exclusive one; the plaintiff in error not having followed this method its lien is void.
*55 The judgment and finding of the court of common pleas will be affirmed.

Judgment affirmed.

Houck, P. J., and Shields, J., concur.