## MULWECH v. THE IMPERIAL METAL PRODUCTS CO. ET AL.

*Liens—Priorities—Labor claims or judgment creditors—Receivership—Section 8339, General Code—Not repealed by implication—By enactment of mechanic's lien law—Section 8310 et seq., General Code.*

1. A claim for work and labor performed within three months prior to the date of the appointment of a receiver has priority, by virtue of Section 8339, General Code, over judgment creditors who levied on the debtor's property, which was later turned over to the receiver and sold by him, the proceeds remaining in his hands for distribution.

2. Section 8339, General Code, providing that laborers shall have a lien upon the real property of their employers for their wages is not repealed by implication by the Mechanic's Lien Act of April 16, 1913, 103 Ohio Laws, 369, Section 8310 et seq., General Code.

(Decided February 27, 1922.)

APPEAL: Court of Appeals for Cuyahoga county.

*Mr. Grover C. Hosford,* for plaintiff.
*Messrs. Thompson, Hine & Flory,* for defendants.

SULLIVAN, J. This case comes into this court on appeal from the common pleas court of Cuyahoga county.

The plaintiff brought suit against the defendant, Imperial Metal Products Company, praying for the appointment of a receiver, and the defendant consented thereto.

The plaintiff's claim is founded on work and labor to the amount of $180.78, performed between August 2, 1920, and September 4, 1920, all of which was performed within three months prior to the date of the appointment of such receiver. There is no dispute as to the merits of the claim.

There were three judgment creditors who obtained judgments against the defendant in the municipal court of Cleveland, to-wit, Strong, Carlisle & Hammond Company, The Cleveland Safety Guard Company, and The Cleveland Castings & Pattern Company, and the aforesaid judgment creditors caused a levy to be made upon the property of the defendant, which was later turned over to the receiver and sold by him, the proceeds of which are now in the hands of the receiver for distribution.

The question at issue herein is whether such labor claim of plaintiff has a priority over the judgment creditors. If the priority be in favor of the judgment creditors, then the plaintiff's claim falls.

Bearing upon this issue of priority we have Section 8339, General Code, which provides as follows:

"Laborers and employes of any persons, association of persons or corporation, whether such employment be at agriculture, mining, manufacture or other manual labor, shall have a lien upon the real property of their employers for their wages, which is hereby declared to be superior to the fol-

lowing liens taken or attaching during the existence of such unpaid labor claim: liens of attachment, liens of mortgage given or taken at a time of actual insolvency of the debtor, or with a view of preferring creditors or to secure a pre-existing debt, and superior to all claims for homestead or other exemptions, except articles of personal property to the heads of families and widows. In all cases when property of an employer is placed in the hands of an assignee, receiver or trustee, claims due for labor performed within the period of three months prior to the time such assignee, receiver or trustee is appointed, shall first be paid out of the trust fund, in preference to all other claims against such employer, except claims for taxes and the costs of administering the trust."

Counsel has furnished no case in Ohio bearing directly upon the question of priority between labor claimants and creditors who have obtained a judgment, and wherein levy has been made for the appointment of a receiver.

The case of *St. Mary's Machine Co.* v. *National Supply Co.*, 68 Ohio St., 535, has been cited by counsel for defendant as a ruling authority in this case. The paragraphs of the syllabus in that case are as follows:

"1. After condition broken, the mortgagee under a chattel mortgage, is the owner of the property covered by the mortgage, and the mortgagor has only a right of redemption.

"2. Where a receiver is appointed and takes possession of chattels covered by a chattel mortgage after condition broken, as provided in Section 3206a, Revised Statutes, such chattels, to the extent that the same may be required to satisfy the mort-

gage, are the property of the mortgagee, and not the mortgagor.

"3. The 'trust fund' mentioned in said section, is the fund which would be left for general creditors under Section 6355, Revised Statutes, in the absence of labor claims, and out of that general fund labor claims must be paid, whether the proceeding be under said section 3206a or under section 6355."

We do not think that case applies directly to the one at bar. The reasoning of Judge Burket in that case appears to be based upon "securities given or liens obtained in good faith for value," *i. e.,* there must be some evidence of contractual relations evidenced by instruments of writing which have a direct bearing upon the title to the property in question at the time of the ascertainment of the rights of the contending claimants. Judge Burket says at page 541 of the opinion, "but such labor claims cannot prevail over securities given or liens obtained in good faith for value."

In the 68th Ohio State, *supra,* the issue arose as to a chattel mortgage, an executed instrument of writing between the parties themselves, containing a condition, which, as to its default or fulfillment, would have a determining effect upon the title to the property growing out of the provisions and terms of the aforesaid instrument of writing. After condition broken, the mortgagee would hold the legal title to the property, and by that fact alone, under the terms of the agreement between the parties, the mortgagee would be entitled to priority, but the mortgagor would only have a right of redemption after satisfying the claim. That would be a property right, but not property itself. The court says upon this point, at page 539:

"It was therefore, not the property of the employer, Mr. Bloomfield, but the property of the Machine Company, that came into the hands of the receivers in this case."

By virtue of the judgment and levy in the case at bar, it could not be claimed that the reasoning of Judge Burket in the 68th Ohio St., *supra,* would apply, because the basis of his reasoning in that case is the passing of the title to the property by virtue of the contractual terms of the parties themselves.

In the face of the unqualifying provisions of Section 8339, above quoted, it would require some other authority than the 68th Ohio St., which we do not think applies to the case at bar, in order to set aside the force and effect of the above section of the Code, especially as it appears from that section that the plain intent of the legislature in the passage of the act is unambiguously expressed, as follows:

"In all cases when property of an employer is placed in the hands of an assignee, receiver or trustee, claims due for labor performed within the period of three months prior to the time such assignee, receiver or trustee is appointed, shall first be paid out of the trust fund, in preference to all other claims against such employer, except claims for taxes and the cost of administering the trust."

In the case of *Fitzgerald* v. *Maxim Powder Mfg. Co.,* New Jersey Chancery, 1899, 33 Atl. Rep., 1064, based upon a suit of similar import, the syllabus contains the following language:

"1. Act April 8, 1892 §§ 1, 2, provide that, in case of the insolvency of a corporation, its employes shall have a prior lien on the 'assets' for the amount of wages due them, respectively, for services rendered within two months next preceding the insti-

tution of insolvency proceedings; and that such lien shall be prior to all other liens except as against chattel mortgages recorded more than two months next preceding such date, and those given for money actually loaned or for goods actually purchased within that time, and also except as against mortgages of land. *Held,* that 'assets' does not mean simply the property remaining after exhausting liens thereon accruing prior to insolvency, but the property which comes to the receiver to be administered, without reference to whether it is incumbered by liens; and consequently a laborer's lien is prior to the lien of a judgment entered against the corporation before its insolvency."

Simply the use of the word "assets" instead of the words "trust funds," we do not think affects the principle of the case. This holding passes upon the question of priority of rights as between labor liens and all other liens, except chattel mortgages recorded more than two months next preceding such date and those given for money actually loaned or for goods actually purchased within that time, and also except as against mortgages of land. It is significant that the rights under chattel mortgages are distinguished, and this holding has a distinct bearing upon the reason in favor of chattel mortgage rights given by Judge Burket in the 68th Ohio St., on page 540.

We are of the opinion, under the reasoning of Judge Burket, that a judgment creditor, even after levy, does not acquire, by reason thereof, such legal rights in property as will come within the purview of the reasoning of Judge Burket in the 68th Ohio State.

The case at bar is a contest between a labor claim and a judgment creditor, and not between a labor claim and a mortgagee of chattel property who has obtained unassailable rights in the property itself by virtue of the act of parties.   This right, under the terms of a chattel mortgage, is a higher and superior right in comparison with the right established by an officer of the court levying upon property by virtue of process subsequent to judgment.

As to the interpretation of the term "trust fund," mentioned in Section 8339, General Code, it appears from the opinion of Judge Burket in the 68th Ohio St., *supra*, on page 540, that it applies to the facts in said case, to-wit, the rights of parties under the terms and provisions of a chattel mortgage, because he uses the following language:

" 'Trust funds,' under this section, must be the same, whether the estate is in the hands of an assignee, receiver or trustee, and in all such cases the fund for distribution among creditors generally, is known as a trust fund, *because* the person in charge of the estate, holds the fund in trust for all who can show themselves to be beneficiaries under the general law of the land, and *not* entitled as owners in whole or part, by virtue of a special property or particular lien."

The above quotation from the opinion fails to apply to the right of a judgment creditor upon levy, but applies to the rights of parties under a chattel mortgage, and the facts in the case at bar are not consistent with the reasons given by Judge Burket in his interpretation and definition of the words "trust funds."

The differences between the rights of a judgment creditor and a chattel mortgagee are distinct, sub-

stantial, and have a controlling force upon the legal situation. The contention of the defendant upon this branch of the case appears to be founded upon the false assumption with respect to its application to the trust fund that the right of a judgment creditor and a mortgagee of chattels are of equal legal force and effect.

As to whether Section 8339 was repealed by implication by the new Mechanic's Lien Act of April 16, 1913, we cite *Cott-Mohrman Co.* v. *Massillon Foundry & Machine Co.*, 12 Ohio App., 51, the first proposition of the syllabus of which is as follows:

"Repeals by implication are not favored, and in the absence of an express repeal, the courts will not consider former legislation as repealed by implication where the former and later acts may be harmonized by a reasonable construction so as to continue both in operation; but a subsequent act revising the whole subject-matter of the former act and evidently intended as a substitute for it, although it contains no express words to that effect, operates as a repeal of the former act."

From a review of Section 8339, General Code, and its relation to the Mechanic's Lien Law, so-called, we are of the opinion that such statute is still in force and has not been repealed, either specifically or by implication, and that it applies to the status of the issues in the case at bar.

In view of the above, a decree for the plaintiff is hereby found and entered by the court.

*Judgment for plaintiff.*

VICKERY, P. J., and INGERSOLL, J., concur.