**HAUEISEN v SZALAY et**
Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10161. Decided October 28, 1929

Mr. Frank W. Emslie, Cleveland, for Haueisen.

MAUCK, J.

Here a motion was made to dismiss the appeal on the ground that it was not a chancery proceeding.

The pleadings show that there was no issue joined upon the first cause of action and that the only controversy between the mortgagee and Cohen arose upon the second cause of action which was an action to foreclose. Foreclosure is essentially of an equitable nature and an appeal lies. The motion to dismiss is overruled.

Coming to the merits of the case, we find that at the time the sale was made under the judgment upon the notes that were then due, not only were the conditions of the mortgage broken but the mortgagee was in possession of the mortgaged property.

In **St. Mary's Machine Co. vs National Supply Co. 68 OS. 535,** it was held that after condition broken, the mortgagee is the owner of the mortgaged property and that the mortgagor has only a right of redemption.

In **Sayler vs Simpson, 45 OS. 141,** it is said that after condition broken, "all that was left in the mortgagor*** was an equity of redemption or an equitable interest to the extent of what remained after the payment of the mortgage."

It follows therefore that at the time of the sale to Cohen of the mortgagor's interest in the property in question, the mortgagor had only an equity of uncertain value. It was a right enforceable only in equity. If at that time there had been a foreclosure the mortgagee would have received the surplus of the proceeds of sale after the satisfaction of the mortgage, and of course only the equity side of the court could have granted foreclosure.

If the mortgagee, then in possession, had sold the property no proceeding at law would have availed the mortgagor, but equity alone could have compelled the mortgagee to account for any surplus. Clearly, therefore, the mortgagor's interest was an equity only.

Sec **11655 GC.** fixes the power of levy and sale under an execution. It describes the property that may be thus levied upon and sold. Formerly the section covered lands and tenements and goods and chattels not exempt by law. In 1880 the General Assembly added after the words "lands and . tenements" the phrase, "including vested interests therein." Until that amendment, it was uniformly held that only legal assets in lands and tenements were open to sale upon execution, and that it was only by virtue of the amendment in 1880 that equitable estates in lands could be levied on. **Bank vs Logue, 89 OS. 288.**

Manifestly, · if it required a specific amendment to subject equitable assets in lands to levy by execution, a similar change in phraseology would be required to subject an equitable interest in personal property to execution. No such change was ever made.

It will be observed that since Bank vs Logue was decided, the section in question has been again amended by confining the vested interests subject to execution, to legal interests. There was therefore, no power to reach this equity of the mortgagor by execution. The only method by which it could be reached by a judgment creditor was by an equitable action brought under favor of **11760 GC.** and that, of course, was not done in this case.

It is true that in **Carty vs Fenstemaker, 14 OS. 457,** and **Morgan vs Spangler, 20 OS. 38,** liens were sustained upon mortgaged chattel property but the property was still in the possession of the mortgagor, and in those cases sale was only had pursuant to such an action as is contemplated by **11760 GC.**

It follows that in the attempted sale to Cohen, he bought nothing. That sale was, however, brought about by the procurement of the plaintiff in the pending case. It was for her benefit. She realized all the proceeds of that sale. In the pending case she seeks equitable relief. As a condition precedent thereto, she will be required to do equity.

It is now ordered that out of the proceeds of the sale of the mortgagee's property, Sidney Cohen be paid first, after the costs, the sum of $231.00 with interest from the day of sale. The case will then be remanded to the municipal court for execution of this order. The petition in error filed herein will be continued until the final settlement of the case on appeal.

If our determination that the case at bar is appealable, should prove erroneous, the case may then be considered in the error proceedings. If the appeal shall be sustained, the petition in error will be dismissed at the cost of plaintiff in error. The costs in this court, in the appeal case, are taxed against the plaintiff.

Middleton, P. J., concurs.