Zimmerman, J.
 

 There is but one question for determination: Under the facts outlined above, is the bank by reason of its execution lien or the county treasurer because of his claim in connection with the personal property taxes entitled to priority of payment out of the moneys held by the receiver?
 

 In Ohio there is no lien upon tangible personal property for taxes thereon. It is provided by Section 5671, General Code, that such property may be seized and sold for the payment of taxes, and by Section 2658, General Code, that sufficient funds and chattels may be distrained to satisfy the taxes. 38 Ohio Jurisprudence, 1078, Section 276. And Section 5697, General Code, allows a county treasurer to enforce the collec
 
 *467
 
 tion of delinquent personal property taxes by civil action against the debtor. See, also, Sections 2660, 2665 and 5694, General Code.
 

 By the English common law, debts owing the Crown of Great Britain were given priority of payment over those owing private persons, and the courts of many of the states of this country in which, by Constitution or statute, the common law is made “the law of the land” or “the rule of decision” except as changed by statute, have held that this royal prerogative is vested in the states as sovereignties. Therefore, when the state and private persons bear the relationship of general creditors to a debtor, or have claims of equal standing against him, the state is accorded priority in payment. 51 A. L. R., 1355, annotation; 65 A. L. R., 1331, annotation; 90 A. L. R., 184, annotation. Compare,
 
 Fidelity & Casualty Co. of New York
 
 v.
 
 Union Savings Bcmk,
 
 119 Ohio St., 124, 162 N. E., 420, in which the prerogative right of the state is discussed, but held not applicable to a statutory deposit of public funds in a bank which became insolvent.
 

 However, when a diligent creditor acquires a specific lien upon assets of the debtor before the sovereign authority undertakes to enforce its right, the creditor prevails.
 
 Marshall, Recr.,
 
 v.
 
 State of New York,
 
 254 U. S., 380, 384, 65 L. Ed., 315, 318, 41 S. Ct., 143, 145;
 
 Wise
 
 v.
 
 L. & C. Wise Co.,
 
 153 N. Y., 507, 47 N. E., 788; 37 Cyc., 1144; 51 A. L. R., 1371, annotation.
 

 Consequently in the pending case it is unnecessary to decide whether the general principle of sovereign prerogative obtains in Ohio with all its common-law force, by reason of the fact that in 1806 the Ohio General Assembly repealed the law published by the Governor and judges of the Northwest Territory in 1795, declaring the common law of England to be a rule of decision within the territory. 7 Ohio Jurisprudence, 795, Section 5
 
 et seq.
 
 The Harter Bank as a judgment creditor, having secured an execution lien on the per
 
 *468
 
 sonal property of the lumber company before any steps were taken to subject such property to the payment of the taxes, must be given a preferred position, unless some statutory enactment requires a contrary holding.
 

 Supporting the proposition that the personal property taxes come first, the county treasurer, as did the Court of Appeals, relies strongly on Sections 8339 and 11138, General Code. It was said in
 
 St. Mary’s Machine Co.
 
 v.
 
 National Supply Co.
 
 68 Ohio St., 535, 540, 67 N. E., 1055, 1056, 64 L. R. A., 845, 848, 96 Am. St. Rep., 677, 680, that Sections 3206a and 6355,. Revised Statutes (now Sections 8339 and 11138, General Code), were
 
 in pari materia
 
 “and both sections must be read and construed together.” This being so, they are confined to
 
 assignments, trusts and receiverships in connection with the assets of employers of labor and where labor claims are involved.
 

 But giving the first part of Section 11138, General Code, referring to taxes, the broadest possible scope, it is limited by its terms to taxes “assessed against the
 
 assignor
 
 upon personal property held by him before his
 
 assignment.”
 
 (Italics ours.) Sections 8339 and 11138, General Code, cannot reasonably be extended to give priority to the payment of personal property taxes in a case where there are no “labor claims” and no “assignor,” as here.
 

 In Ohio, the power to tax rests in the legislative branch of the government, under authority of the organic law. 38 Ohio Jurisprudence, 734, Section 20. The General Assembly has exercised this prerogative in a variety of ways. By statute it has created tax liens on certain kinds and types of property, and has given them precedence over prior liens and encumbrances. The action taken as to real estate taxes and corporate franchise taxes is illustrative. Sections 5713 and 5506, General Code; 38 Ohio Jurisprudence, 1078, Section 276.
 

 
 *469
 
 In the absence of a statute making taxes on personal property a preferred claim over prior execution liens, mortgages or other encumbrances in cases similar to the instant one, the claim of the bank herein must be accorded the priority given it by the trial court.
 

 We cannot see that the intervention of a receiver changes the situation. Ordinarily, a receiver appointed in proceedings supplementary to execution must administer the property coming into his hands for the benefit of the parties concerned, and one of his duties is to apply the estate of the judgment debtor to the satisfaction of the judgment responsible. for his appointment. 21 American Jurisprudence, 326, Section 687.
 

 The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Day, Williams, Myers, Matthias and Hart, JJ., concur.
 

 Weygandt, C. J., dissents.